THE FULLER ELECTRICAL COMPANY, Respondent, *v.* BENJAMIN
LEWIS et al., Appellants.

(Argued February 11, 1886; decided March 2, 1886.)

THIS was an action in the nature of a creditor's bill brought by
plaintiff as a judgment creditor of the defendant Lewis, to reach
property alleged to belong to him individually and also the
proceeds of certain real estate which belonged to a firm of which
he was a member, and which the complaint alleged was con-
veyed by the firm to defendant Thompson by conveyance

absolute on its face, but which was intended simply as a mortgage to secure an indebtedness of the firm. The real estate was subsequently sold by Thompson. It appeared that at the time of the conveyance the firm was insolvent and largely indebted.

The judgment among other things adjudged that the conveyance was intended as security only, and that the interest of Lewis in the property be subject to the payment of plaintiff's judgments, and that plaintiff was entitled to recover the amount thereof of defendant Thompson. *Held* error.

The court say :

" Not only do the pleadings admit individual property in the judgment debtor, but that fact is also found. Upon what principle then can the property of the firm be subjected to the payment of the individual debt of one partner? We know of none; yet by compelling Thompson to respond to the judgment, that result is reached. Nor is the plaintiff's case altered by the clause of the judgment which declares the surplus in Thompson's hands to be in trust for the firm, and the interest of Lewis therein subject to the judgment.. There is nothing to warrant that conclusion. The firm is found to be indebted and to be insolvent. Its property, therefore, insufficient to pay its debts. It would be a fraud upon the joint creditors to apply any portion of its property to the payment of a debt for which neither they nor their property were liable, and if the property is insufficient to discharge the partnership debts, there would be no interest left to the individual partner, or for his creditors. As the case stands, the plaintiff must be content with the appropriation of the individual property of Lewis. The appeal of Thompson should, therefore, succeed, and as to him, the complaint be dismissed, with costs to be paid by the respondent. So far as the judgment relates to property other than that conveyed to Thompson by Lewis, Barry and Fay, viz. : Shares in the capital stock of The Brooklyn, Flatbush and Coney Island Railroad Company, and other individual property held or owned by Lewis, the judgment should be modified by directing the appointment of a receiver thereof, with the usual powers of receivers in such cases, and as so modified, affirmed without costs of this appeal to Lewis or to the respondent."

*H. C. Place* for appellants.

*S. Sidney Smith* for respondent.

DANFORTH, J., reads for reversal of judgment, and dismissal of complaint as to defendant Thompson, and for modification, and as to residue, for modification as above stated.

All concur.

Judgment accordingly.